Thank you. It seems to me last month we had the two of you opposed to each other, is that correct? Ms. Meisner, whenever you're ready. Thank you, Your Honor. May I reserve two minutes for rebuttal? Certainly. Thank you. On February 11th of 2010, a magistrate issued a search warrant for premises at 180 High Street based in Taunton, based on information that on December 1st of 2009, more than two months earlier, an undercover agent had downloaded a file containing what he believed to be child pornography from a peer-to-peer file sharing service from an unknown individual with the username of A35 Scott. The file came from an IP address, an internet protocol address, traced to an account registered to Daryl St. Ives at 180 High Street. The primary issue in this case concerns information not presented to the magistrate, that the individual believed to have shared that file, A35 Scott, used a number of different IP addresses linked to different persons at different times. And it is this omitted information of mobility that makes this case different from those in which this Court and others have upheld warrants based on information that the internet service from which child porn was downloaded was located at a particular address. The Sixth Circuit has noted that where officers know or ought to know for whatever reasons that an IP address doesn't accurately represent the identity of a user or source of a transmission, the value of that IP address for probable cause purposes may be greatly diminished if not reduced to zero, and I think that that's what happened in this case. The affidavit was thin to begin with. There was no identification of the individual with the username of A35 Scott, and that username, according to the omitted information, was linked to the use of IP addresses registered to at least three different names, all different from the name in which the A35 Scott Yahoo account was opened, which was the name Adam Scott. This was not a case where the agents identified an actual person as an individual possessing child porn and traced an IP address to that person's house, as was done in Morales-Aldejando, nor is it a case where you identify where the agents identified a person and sought to search that person's house as in Joubert, where a length of time greater than two months was found not to be stale. Ms. Meisner, what significance do you attach to the fact that the great majority of what you call the omitted information was the product of the Canadian investigation and occurred during the first half of the preceding year? There was relatively little mobility during the few months that preceded the identification or the focus of the investigation on the High Street Taunton address. Well, actually, there is no information about whether there was or was not mobility after May of 2008. The government did not, apparently did not, subpoena any Yahoo information or account information for something beyond that. What we do have... But what you call the omitted information is almost all information that goes back before May of 2008. Yes. But all we have here is a single transmission on December 1st of 2009. The focus here is on A35 Scott. They're not focusing on an IP address. They're looking at an unidentified individual using a username. How did they come upon 180 High Street? They, on December 1st of 2009, an agent went on to this file sharing service, GigaTribe, and downloaded a file from A35 that had been posted and shared by A35 Scott. The agent traced the IP address from which that download came. So that was a month before they executed the warrant? It was more than two months before they executed the warrant. Two months. Well, why is it that sufficient for them to at least seek a warrant as to that address? That was the address that they sought the warrant for. I know. And I'm saying that perhaps on its face that would be sufficient. But here you have what you don't have in other cases, which is an indication that that username was using many different IP addresses. Well, does that mean that they could investigate every one of the addresses rather than none? No, I think the question is, is there reason to believe that on February 17th of 2009, when they go into search, is there child pornography that's going to be found at 180 High Street? Well, two months before there was. Two months before there was evidence of a single download. If you had information that a person moved, and we'll accept the... Excuse me. I have a follow-up question. Was there any intervening emails or whatever it's called? No. The only thing... No, so the last one they had was from that address? The only one they had from that address was on December 1st. And the last one before the execution of the warrant? Yes, without any indication that there was any effort to either subpoena the Yahoo account to see if there was additional information, or to determine whether St. Ives, who owned the premises, had a Yahoo account, or to investigate any of the other individuals that they had linked to IP addresses used by A35 Scott, none of whom were at different locations in the past. I think the question, the issue is that you are, if you had information that a person possessed child pornography and lived at a certain address, but also had information that that person moved every month to, that you did not inform the magistrate of, to say that it's because only two months have passed and because people keep child pornography, we can go search a place that the defendant lived at two months earlier when you know that he moves... Are you saying that if you get information that a message is sent from one address and it's not old information, that you can't seek a warrant just based on that? Am I saying that you cannot? Yes. No, I am not saying that. Well, this is what happened here. No, it, yes, in the sense that they had an address and they sought a warrant, but what they also knew and did not disclose to the magistrate was that this user was someone who moved around a lot and didn't stay, none of the other IP addresses were used for more than a three week period, three or four of them for one day at a time. So the question is, is there probable cause to believe that someone who moves around a lot using different IP addresses is going to be found in a place where you have a one day link more than two months before the search warrant was sought? I believe that Judge Young said even if that information had been supplied, it really wouldn't have mattered, it wouldn't have strengthened the case for the search warrant or gone the other way. Indeed, he said just the opposite. He said that that omitted information would have strengthened the probable cause for the magistrate. Well we, and if we had just conceded to Judge Torea that the information itself was an adequate basis for the warrant, then I don't see how Judge Young can be accused of having committed any error here. Because he was made aware of the omitted information, and we're saying it's the omitted information that changes the calculus and changes what might be otherwise facial sufficiency. Right, and he said he disagrees with you, so thank you. Good morning, Your Honors. May it please the Court, Chris Boyang, on behalf of the United States. In this case, the District Court properly denied the defendant's request for a Franks hearing because he failed to make the substantial preliminary showing necessary to warrant that hearing. As to the first prong of the Franks inquiry, there's simply no evidence that the affiant intentionally or recklessly omitted material information with a disregard for the truth. Now as to the second prong, this information... Would it have hurt to have provided that information? There seems to be a parsimony principle, not only in sentencing, but in what officers disclose in order to get search warrants. Judge Young thought this actually would have helped them. Why the omission? It's not clear, Your Honor, and while this Court has never required that every piece of information been included, it certainly could have been. Is it that this is too old? I think it is, and I'll address that as I move to the second prong. As to the second prong, this prior information on the investigation of the defendant was not material to the probable cause determination. It showed that the defendant, operating under his various online aliases of Baby Lick and A35 Scott, had been transmitting child pornography for at least two years prior to the search warrant application. But contrary to what the defendant claims, this historical information doesn't render the most recent transmission in December 2009 stale. First of all, as Judge Celia pointed out, the various IP addresses that the defendant utilized to transmit child pornography were used between January and May of 2008. This is one and a half to almost two years earlier than the most recent transmission. These are so attenuated. There were, to be fair. There were also a few transmissions, I think, from the East Boston area later than that, and closer to the December 179 date, some 109 date. There was a report, an FBI report, dated March 2009, but the actual transmission date was actually between January and May 2008. So, in fact, the uses that were directly traced to child pornography were all prior to May 2008. We argue that these are so attenuated in time that they don't negate the finding of probable cause, but two years later. But that isn't her argument. Her argument really is, you could tell that there was a movement on to different places, and that pattern was relevant to the two-month argument she's making, which is, when you put that pattern in place, two months does become stale. That's her argument. Yes, Your Honor, and our argument is that that movement, that pattern of suggested mobility is so far from the most recent transmission that it doesn't bear any information whether it's... He suddenly settled down someplace. You can't assume that he's still moving around. Yes, so there's no recent information near the December 2009 transmission that he's moving around. There's certainly no other IP addresses that he's traced to between December 2009 and February 2010, when the search warrant is actually applied. That argument would have more bite if you had more than a single transmission from the High Street address. Yes, but there's no evidence that there were, in fact, other transmissions, and between this two-month period, the agents were making inquiries about St. Ives' identity, as well as surveilling the property and making inquiries with the Postal Service to determine how many individuals were potentially residing at 180 High Street. What's our standard of review of Judge Young's determination? For the Franks' hearing, it's clear error, Your Honor. And I thought the standard of review for the denial of a Franks' hearing was abuse of discretion. It's for a clear error, Your Honor, yes, and I'll just make one second point, which is that even if there's this evidence of mobility in the past, the most recent transmission is traced to 180 High Street, and as this Court and other circuits have noted, collectors of child pornography maintain their collections for long periods of time, and they prefer to keep them with them, often on computers or other portable electronic media. So even if he moved in December 2009, it's reasonable to infer that he took his collection with him. How many pieces of pornography did he have? Is this the case with six million? By the time of sentencing, computer forensics was still ongoing, but there were 6.3 million images. If there are no further questions, we'll rest in our brief. Thank you. I'd like to address first, the point is not whether someone carries materials with them, but where are they when the search is being executed. I think that what wasn't done in this case also suggests the need for a hearing to determine whether there's other omitted information. I think that there was a preliminary showing of omitted information. We still don't know what a further hearing would have shown. For example, Judge Roy, you said there's nothing between May of 2008 and the time in December of 2009. There apparently was no subpoena to Yahoo for information on A35 Scott for that time period or for the time period between December 1st, 2009 and February of 2010 when they sought the warrant. That might have supported the defense position or it might have negated it. We don't know. It's something that should have been, a hearing should have been held to explore that. The question is not whether you have definitively proved your case, but whether you've made a substantial preliminary showing. I think that the omitted information of movement does go to make that preliminary showing. There was no subpoena to Yahoo for information on any accounts registered to Daryl St. Ives or to the other people at 180 High Street. There is no investigation. It appears to look for Adam Scott in Medford where he had registered his Yahoo address. When we get to the actual execution of the warrant, you have Daryl St. Ives saying there are two other people who live here now, David who moved in approximately two months ago or approximately December 1st. We don't even know whether Mr. McClellan was even living at 180 High Street, even assuming he is 835 Scott, whether he was living there when that one download was made.